UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| JOHNATHON ANTHONY MENTH, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:11-CV-00098-SNLJ |
| | ) |
| LORENE ARMSTRONG, et. al., | ) |
| | ) |
| Defendants. | ) |

## **MEMORANDUM AND ORDER**

This matter is before the Court upon the motion of Johnathon Anthony Menth (registration no. 1170392), an inmate at Southeast Correctional Center, for leave to commence this action without payment of the required filing fee [Doc. #2]. For the reasons stated below, the Court finds that the Plaintiff does not have sufficient funds to pay the entire filing fee and will assess an initial partial filing fee of $1.98. See 28 U.S.C. § 1915(b)(1). Furthermore, after reviewing the complaint, the Court will partially dismiss the complaint and will order the Clerk to issue process or cause process to be issued on the non-frivolous portions of the complaint.

### **28 U.S.C. § 1915(b)(1)**

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must

assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. Id.

Plaintiff has submitted an affidavit and a certified copy of his prison account statement for the six-month period immediately preceding the submission of his complaint. A review of Plaintiff's account indicates an average monthly deposit of $9.92, and an average monthly balance of $2.63. Plaintiff has insufficient funds to pay the entire filing fee. Accordingly, the Court will assess an initial partial filing fee of $1.98, which is 20 percent of Plaintiff's average monthly deposit.

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a Defendant who is immune from such relief. An action is frivolous if it "lacks an arguable basis in either

law or fact." Neitzke v. Williams, 490 U.S. 319, 328 (1989); Denton v. Hernandez, 504 U.S. 25, 31 (1992). An action is malicious if it is undertaken for the purpose of harassing the named Defendants and not for the purpose of vindicating a cognizable right. Spencer v. Rhodes, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), aff'd 826 F.2d 1059 (4th Cir. 1987). A complaint fails to state a claim if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).

**The Complaint**

Plaintiff, an inmate at the Southeast Correctional Center ("SECC"), brings this action under 42 U.S.C. §1983. Named as Defendants are Lorene Armstrong, Assistant Case Worker at SECC; Brian Hoskins, Sergeant at SECC; Scott Berry, Correctional Officer at SECC; Chris Reese, Correctional Officer at SECC; Michael Vaughn, Correctional Officer at SECC; and Jeff Norman, Acting Warden at SECC.

Plaintiff alleges that Defendants Armstrong, Hoskins, Berry, and Reese subjected him to cruel and unusual punishment by failing to protect him from an attack by another inmate, Joseph Van, who was a declared enemy to Plaintiff. Plaintiff says that Defendant Armstrong was the "bed broker" and she decided that Van should be placed in Plaintiff's cell. Plaintiff claims that Defendants Hoskins, Berry, and Reese put Van in Plaintiff's cell despite Plaintiff informing them that Van

3

was his enemy and that they were placing him in danger. Plaintiff alleges that Berry threatened to mace him if he did not accept Van into his cell.

Plaintiff says that shortly after Van was placed in the cell Van attacked him from behind, hitting him on the head with a hard object. Plaintiff claims that Vaughn broke up the altercation. And Plaintiff claims that Vaughn later issued him a conduct violation for fighting.

Plaintiff maintains that he his suing Norman because he "had indirect responsibility of Plaintiff's safety" and because he sent an affidavit to Norman about the incident.

Plaintiff brings claims for failure to protect, negligent issuance of a conduct violation, and for Berry's threat to mace him if he did not accept Van into his cell.

Plaintiff is suing Defendant Jeff Norman in both his individual and official capacity, and is suing all other Defendants in their individual capacity.

**Discussion**

"Liability under § 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights." Madewell v. Roberts, 909 F.2d 1203, 1208 (8th Cir. 1990); see also Martin v. Sargent, 780 F.2d 1334, 1338 (8th Cir. 1985) (claim not cognizable under § 1983 where plaintiff fails to allege that defendant was personally involved in or directly responsible for the incidents that injured plaintiff); Boyd v.

4

Knox, 47 F.3d 966, 968 (8th Cir. 1995) (respondeat superior theory inapplicable in § 1983 suits).  In the instant action, Plaintiff has not set forth any facts indicating that Defendant Norman was directly involved in or personally responsible for the alleged violations of his constitutional rights.  Further, Defendant Norman's position as acting Warden of SECC is not enough to establish liability.  See Camberos v. Branstad, 73 F.3d 174, 176 (8th Cir. 1995) ("a general responsibility for supervising the operations of a prison is insufficient to establish the personal involvement required to support liability.").  As a result, Plaintiff's claims against Defendant Norman fail to state a claim upon which relief can be granted, and Plaintiff's claims against Norman will be dismissed.

Plaintiff's claim against Vaughn for negligent issuance of a conduct violation also fails to state a claim for relief.  Plaintiff says that Vaughn should be held responsible for this because he "failed to realize Plaintiff was not fighting but in fact using self defense were [*sic*] it was needed."  Negligence claims, however, are not cognizable in § 1983 proceedings.  E.g., Daniels v. Williams, 474 U.S. 327, 328 (1986).  As a result, Plaintiff's claim against Vaughn will be dismissed.

The complaint survives initial review as to Plaintiff's failure to protect claims against Defendants Armstrong, Hoskins, Berry, and Reese.  As a result, the Court will order the Clerk to issue process as to these Defendants.

**IT IS HEREBY ORDERED** that Plaintiff's motion to proceed in forma pauperis [Doc. #2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the Plaintiff shall pay an initial filing fee of $1.98within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that if Plaintiff fails to pay the initial partial filing fee within thirty (30) days of the date of this Order, then this case will be dismissed without prejudice.

**IT IS FURTHER ORDERED** that the Clerk shall issue process or cause process to issue upon the complaint as to Defendants Armstrong, Hoskins, Berry, and Reese.

**IT IS FURTHER ORDERED** that, pursuant to 42 U.S.C. § 1997e(g)(2), Defendants Armstrong, Hoskins, Berry, and Reese shall reply to Plaintiff's claims within the time provided by the applicable provisions of Rule 12(a) of the Federal Rules of Civil Procedure.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint as to Defendants Norman and Vaughn because,

as to these Defendants, the complaint is legally frivolous or fails to state a claim upon which relief can be granted.

**IT IS FURTHER ORDERED** that Plaintiff's motion for service of complaint [Doc. #8] is **DENIED** as moot.

**IT IS FURTHER ORDERED** that this case is assigned to Track 5B: Prisoner Standard.

An appropriate Order of Partial Dismissal shall accompany this Memorandum and Order.

Dated this  8th  day of July, 2011.

                                              STEPHEN N. LIMBAUGH, JR.
                                              UNITED STATES DISTRICT JUDGE